﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 181218-1998
DATE: November 27, 2019

REMANDED

Service connection for bilateral hearing loss is remanded.

Service connection for tinnitus is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from January 1974 to January 1977. He selected the Supplemental Claim lane when he submitted the RAMP election form in May 2018. Accordingly, the August 2018 RAMP rating decision considered the evidence of record at the time of issuance. The Veteran requested a Board review in December 2018 and selected the Evidence Submission lane.

1. Service connection for bilateral hearing loss is remanded.

The Veteran has a current diagnosis of hearing loss, see September 27, 2017 VA Audiology Treatment Note, but it is unclear if he has hearing loss for VA compensation purposes. See 38 C.F.R. § 3.385. In this regard, there are no results of record from any examination where puretone audiometry testing was conducted along with the Maryland CNC speech discrimination test. See August 2014 Examination Report; September 27, 2017 Examination Findings; see also April 22, 2013 Examination Findings. 

On remand, the Veteran should be afforded another audiological examination with an examiner other than the August 2014 examiner to secure current findings that are adequate for rating purposes. See December 2014 Correspondence (objecting to August 2014 examiner and requesting a new examination). The examiner should opine as to the etiology of the Veteran’s claimed bilateral hearing loss and should discuss his in-service hospitalization for bacterial meningitis and the private nexus opinions of record. See STRs; Dr. S.V. Opinion; Dr. M.N. Opinion. Updated VA treatment records should also be secured.

2. Service connection for tinnitus is remanded.

On remand, the examiner should opine as to the etiology of the Veteran’s claimed tinnitus.

The matters are REMANDED for the following action:

1. Obtain updated VA treatment records.

2. Then, schedule the Veteran for an audiological examination with an examiner other than the August 2014 examiner to determine the severity and etiology of his claimed bilateral hearing loss and the nature and etiology of his claimed tinnitus. The claims file should be made available to and be reviewed by the examiner and all necessary tests should be performed. All findings should be reported in detail. The examiner should respond to the following:

(a) Evaluate the severity of the Veteran’s bilateral hearing loss.

(b) Diagnose all current ear disorders other than hearing loss. 

(c) Please opine whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s claimed bilateral hearing loss had its onset during or is otherwise related to the Veteran’s active service, to include as due to his April 1975 bacterial meningitis infection or conceded acoustic trauma therein.

(d) For each disorder so diagnosed in part (b), please opine as to whether it is at least as likely as not (50 percent or greater probability) that such disorder (1) had its onset during service or is otherwise related to the Veteran’s active service, as due to his April 1975 bacterial meningitis infection or conceded acoustic trauma therein; (2) is proximately due to the Veteran’s bilateral hearing loss, or (3) has been aggravated (worsened beyond natural progression) by the Veteran’s bilateral hearing loss. 

In providing the opinions referenced in subpart (c) and (d), the examiner should discuss the opinion of Dr. S.V., the Veteran’s neurologist, and the opinion of Dr. M.N., the Veteran’s otolaryngologist, which relate the Veteran’s hearing loss to his bacterial meningitis infection and to noise exposure in service. Moreover, the examiner is advised that there is no record of the Veteran’s hearing at separation. See October 1976 Separation Examination.

A complete rationale should be given for all opinions and conclusions expressed. In the event the examiner cannot provide an opinion without resorting to speculation, it is essential that the examiner provide a rationale for this conclusion (e.g. lack of sufficient information/evidence, the limits of medical knowledge, etc.).

 

 

Katherine Q. Forde

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D.M. Badaczewski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.